1 | George S. Howard Jr. (State Bar No. 076825)
gshoward@jonesday.com
2 | JONES DAY
12265 El Camino Real
3 | Suite 200
San Diego, CA  92130.4096
4 | Telephone:  +1.858.314.1200
Facsimile:    +1.858.314.1150

5 |

6 | Justine Lazarus (State Bar No. 247471)
jlazarus@jonesday.com
7 | JONES DAY
555 South Flower Street, Fiftieth Floor
Los Angeles, CA 90071
8 | Telephone:    +1.213.489.3939
Facsimile:     +1.213.243.2539

9 |

10 | Attorneys for Defendants
DIGITAL INTELLIGENCE SYSTEMS, LLC

*NOTE CHANGES MADE BY THE COURT*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARRIANNE HENRYHAND, on behalf of herself, all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>DIGITAL INTELLIGENCE SYSTEMS, LLC, a Virginia limited liability corporation; DISYS INTELLIGENCE SYSTEMS, INC., a Virginia Corporation; DISYS SOLUTIONS, INC., a Virginia corporation, and DOES 1-50, inclusive,<br><br>        Defendants. | Case No. CV13-2735 JAK (AGRx)<br><br>Assigned for all purposes to The Honorable John A. Kronstadt<br><br>DISCOVERY MATTER<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |

*NOTE CHANGES MADE BY THE COURT*

1   Plaintiff Arrianne Henryhand ("Plaintiff") and Defendant Digital Intelligence

2   Systems, LLC ("DISYS" or "Defendant") (collectively the "Parties"), through their

3   respective counsel, hereby stipulate to the entry of an agreed protective order (the

4   "Protective Order") set forth below:

5          1.     The Parties represent that certain discovery materials to be

6   exchanged in this case, including documents, discovery responses, deposition

7   testimony and other discovery, will contain confidential non-public information of

8   a personal, financial, and/or commercial nature which may constitute a trade secret

9   or proprietary information.  The Parties do not wish unreasonably to impede or

10   burden the discovery process but, at the same time, recognize an obligation to take

11   reasonable steps to safeguard legitimate privacy concerns.  The Parties intend this

12   Protective Order to address these concerns.

13          2.     The Parties understand that, pursuant to California law,

14   Defendant and/or third parties may have a privacy interest in certain business,

15   proprietary or personal information and that such information relating to current

16   and former employees of Defendant will be requested in discovery by Plaintiff.

17   The Parties enter into this Protective Order mandating that if any such business,

18   proprietary or private information is produced, it shall be produced under this

19   Protective Order.  These steps are taken to protect proprietary, trade secret and/or

20   privacy interests from serious invasion in nature, scope or impact.

21          3.     A party may designate as "CONFIDENTIAL" or "HIGHLY

22   CONFIDENTIAL – ATTORNEYS' EYES ONLY" any documents, discovery

23   responses, electronic data, deposition transcripts, exhibits or other materials

24   produced or generated in this matter that it reasonably believes should be subject to

25   the terms of this Order.  Material that may be designated as CONFIDENTIAL or

26   HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY consists of documents

27   and information whose disclosure would create a risk of injury that could not be

28   avoided by less restrictive means, and includes, but is not limited to, contracts

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER

1   between Defendant and third parties, customer information, personnel information,

2   and personal information of any current or former DISYS employee.

3           4.      Designations in conformity with this Order may be made as

4   follows:

5           (a)     for information in documentary form (other than deposition or

6   other transcripts), by stamping or labeling the first page of each such document

7   CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

8   or by any other reasonable means of giving notice of the party's intent to claim

9   protected status of the material in question;

10          (b)     for testimony or exhibits offered in a deposition or other

11  proceeding, by notifying opposing counsel on the record during or within 14 days

12  of the conclusion of the proceeding that the information provided in the deposition

13  or other proceeding is considered CONFIDENTIAL or HIGHLY CONFIDENTIAL

14  – ATTORNEYS' EYES ONLY and that the transcript (or portions thereof) shall be

15  subject to the provisions of this Order; if practicable, portions of deposition

16  transcripts designated CONFIDENTIAL or HIGHLY CONFIDENTIAL –

17  ATTORNEY'S EYES ONLY shall be labeled as such and bound separately by the

18  Court Reporter; in addition, a party may reserve the right on the record during or at

19  the conclusion of the deposition or proceeding to make CONFIDENTIAL or

20  HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY designations up to

21  thirty (30) days after receipt of the final transcript, and if such right is reserved in

22  conformity herewith, the information shall be treated as CONFIDENTIAL until

23  such designation is made or the thirty (30) day period expires (whichever occurs

24  first); and

25          (c)     for information or items produced in other forms, by stamping

26  or labeling the exterior of the container(s) in which the information or item is stored

27  CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

28  or by any other reasonable means of providing notice of the designations.

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER

5.      Documents and information designated CONFIDENTIAL in accordance with this Order shall be used solely for the purpose of preparation, trial, and/or appeal of this action, and, unless the Court rules otherwise, such documents or information shall not be disclosed to any person other than (a) counsel of record to any party to this Order; (b) the legal, clerical, paralegal, or other staff of such counsel to this action employed during the preparation for and trial and appeal of this action; (c) Plaintiff, so long as disclosure is reasonably necessary for purposes of this litigation and she agrees to comply with and be bound by the terms of this Order (but under no circumstances shall Plaintiff be shown payroll data or other personal information pertaining to another employee of DISYS); (d) the principals, officers, agents and employees of Defendant whom Defendant believes in good faith have a need to review such documents or information; (e) persons retained by either party to this Order to furnish expert services or advice or to give expert testimony in this action (and their employees); (f) trial witnesses and court reporters in this action; (g) deponents, but only those who had access to the documents or information independent of this litigation and only so long as the disclosure is reasonably necessary for purposes of this litigation; and (h) the Court, Court personnel and jurors.  CONFIDENTIAL documents or information disclosed to any such person shall not be disclosed by him/her to any other person not included within the foregoing subparagraphs (a) through (h) of this paragraph.  Any personal or private information of any non-party produced pursuant to this section shall be retained in strict confidence by the party receiving such information, and shall not be used or disclosed for any purpose or to anyone except in accordance with this section and applicable state or federal law.

6.      Documents and information designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY in accordance with this Order shall be used solely for the purpose of preparation, trial, and/or appeal of this action, and, unless the Court rules otherwise, such documents and information shall

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER

Case 2:13-cv-02735-JAK-AGR  Document 20-1  Filed 08/19/13  Page 5 of 11  Page ID #:192

1   not be disclosed to any person other than (a) counsel of record to any party to this

2   Order; (b) the legal, clerical, paralegal, or other staff of such counsel to this action

3   employed during the preparation for and trial and appeal of this action; (c) the

4   principals, officers, agents and employees of Defendant (including but not limited

5   to in-house counsel) whom Defendant believes in good faith have a need to review

6   such documents or information; (d) persons retained by either party to this Order to

7   furnish expert services or advice or to give expert testimony in this action (and their

8   employees); (e) trial witnesses and court reporters in this action; (f) deponents, but

9   only those who had access to the documents or information independent of this

10  litigation and only so long as the disclosure is reasonably necessary for purposes of

11  this litigation; and (g) the Court, Court personnel and jurors.  HIGHLY

12  CONFIDENTIAL – ATTORNEYS' EYES ONLY documents or information

13  disclosed to any such person shall not be disclosed by him/her to any other person

14  not included within the foregoing subparagraphs (a) through (g) of this paragraph.

15  Any personal or private information of any non-party produced pursuant to this

16  section shall be retained in strict confidence by the party receiving such

17  information, and shall not be used or disclosed for any purpose or to anyone except

18  in accordance with this section and applicable state or federal law.

19       7.    Any person who is to obtain access to materials subject to this

20  Order pursuant to paragraph 3(e) and/or 4(d) shall prior to receipt of such material

21  (a) be informed by the party providing access to such material of the terms of this

22  Order; and (b) agree in writing to be bound by the terms of this Order by executing

23  the attached Agreement.

24       8.    If counsel for a party herein shall hereafter desire to make

25  material subject to this Order available to any person other than those referred to in

26  paragraphs 5 and 6 above, such counsel shall, prior to any such disclosure,

27  designate the material involved, identify the person to whom he/she wishes to make

28  disclosure, and inform counsel for the opposing party of their desire.  If the parties

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER

1   are subsequently unable to agree on the terms and conditions of disclosure to

2   persons not enumerated in paragraphs 5 and 6, disclosure may be made only on

3   such terms as the Court may order, and the issue shall be raised strictly pursuant to

4   Local Rule 37.

5         9.    A party in receipt of materials designated by another party as

6   CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

7   shall not file such materials in the public record unless the party files [an application to file] the materials

8   under seal pursuant to the procedures set forth in Local Rule 79-5.  The portions of

9   any pleadings, motion papers or other papers that contain summaries or quotations

10   of any CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY'S EYES

11   ONLY materials shall also be filed [with an application to file the materials] under seal in accordance with this Court's Civil

12   Local Rule 79-5.  In the event that documents are filed under seal, the parties agree

13   to comply with the Local Rules concerning filing the appropriate supporting

14   documents to submit materials under seal.

15         10.    The provisions of this Order shall not terminate at the

16   conclusion of this action.  Within sixty days after final termination of this action,

17   including any appeals, the parties shall destroy or return to counsel for a party that

18   produced materials subject to this Order originals and all copies of such materials.

19   At such time, each party must certify that the terms of this paragraph have been

20   complied with.

21         11.    Nothing in this Order shall prevent any party or affected non-

22   party from using or disclosing that party's own documents or information,

23   regardless of whether or how such documents or information has been designated

24   CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

25         12.    Any material subject to this order, and which is otherwise

26   admissible, may be used at trial, ~~provided, however, that~~ the parties agree that they

27   will work with the Court to identify trial procedures that will protect and maintain

28   the non-public nature of material subject to this Order.  Prior to the use at trial of

[Handwritten: Information used at trial shall become public absent a separate court-6 order upon motion and sufficient cause shown.]

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER

1   material subject to this Order, all stamps, labels, or other designations placed on the

2   material pursuant to this Order shall be removed.

3      13. Nothing herein constitutes or may be interpreted as a waiver by

4   any party of the attorney-client privilege, attorney work product protection, the

5   right of privacy, proprietary information or trade secret protection, or any other

6   privilege.  Any party may request that the Court grant relief from any provision of

7   this Order.  If a party disagrees with a designation of CONFIDENTIAL or

8   HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY that party must notify

9   the designating party of the disagreement by serving a letter requesting a

10   conference of counsel pursuant to Local Rule 37-1.  If the parties are unable to

11   resolve the dispute at the Local Rule 37-1 conference of counsel, the parties shall

12   raise the dispute with the Court pursuant to the procedures set forth in

13   Local Rule 37-2.  The documents or information that is/are the subject of the

14   confidentiality designation dispute shall remain under the protection of this Order

15   pending the Court's decision resulting from the Local Rule 37-2 filing.  The parties

16   may correct initially erroneous confidentiality designations, or lack thereof, and at

17   their own expense, furnish to all counsel copies of the documents or other materials

18   for which there is a change in designation.

19      14. The inadvertent or unintentional disclosure by any party of

20   documents or information protected from discovery as an attorney-client

21   communication, work product or otherwise protected under Federal Rule of Civil

22   Procedure 26 (the "Privileged Material"), regardless of whether the information was

23   designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS'

24   EYES ONLY at the time of disclosure, shall not be deemed a waiver in whole or in

25   part of that disclosing party's claim of privilege, either as to the specific documents

26   or information disclosed or as to any other documents or information relating

27   thereto or on the same or related subject matter.  The recipient of such Privileged

28   Material shall (i) return it, without retaining any copy of it, upon recognizing its

1   status, or within three (3) days from a demand (the "Demand") by the disclosing

2   party, whichever occurs first; (ii) destroy all summaries, notes, memoranda or other

3   documents (or the portions thereof) referring to such Privileged Material; and

4   (iii) not use such documents containing Privileged Material for any purpose until

5   further order of the Court.  If the receiving party disputes the disclosing party's

6   Demand, the matter shall be presented by the disclosing party to the Court for

7   resolution pursuant to Local Rule 37.  Further, if the recipient has already shared

8   such Privileged Material prior to recognizing its protected status or prior to a

9   Demand for its return, that recipient shall promptly notify the other affected

10  persons, and collect and return all copies.

11          15.    Nothing in this Protective Order affects in any way, the

12  admissibility of any documents, testimony or other evidence at trial.

13          16.    Nothing in this Protective Order shall be construed as

14  authorizing a party to disobey a lawful subpoena issued in another action.

15

16  Dated:  August 19, 2013                JONES DAY

17

18                                         By: /s/ George S. Howard, Jr.
                                                George S. Howard, Jr.

19
                                           Attorneys for Defendants
20                                         DIGITAL INTELLIGENCE
                                           SYSTEMS, LLC

21
22  Dated:  August 19, 2013                SETAREH LAW GROUP

23

24                                         By:   /s/ Shaun Setareh
                                                 Shaun Setareh

25
                                           Attorneys for Plaintiff
26                                         ARRIANNE HENRYHAND

27                                    **ORDER**

28      The Parties having stipulated to the foregoing and good cause appearing, IT

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER

- 8 -

1    IS SO ORDERED.

2    Dated: Sept. 4, _____, 2013

                              _____
3                             Honorable  Alicia G. Rosenberg
                              United States District Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED]
                                         PROTECTIVE ORDER

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

11

ARRIANNE HENRYHAND, on behalf of herself, all others similarly situated,

12

Case No. CV13-2735 JAK (AGRx)

Assigned for all purposes to The Honorable John A. Kronstadt

13

Plaintiff,

14

v.

15

DIGITAL INTELLIGENCE SYSTEMS, LLC, a Virginia limited liability corporation; DISYS INTELLIGENCE SYSTEMS, INC., a Virginia Corporation; DISYS SOLUTIONS, INC., a Virginia corporation, and DOES 1-50, inclusive,

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

16

17

18

19

Defendants.

20

21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

1    I, _____ , the undersigned, hereby acknowledge that

2  I have received a copy of the Protective Order entered in the above-entitled action,

3  and that I have read the Protective Order and agree to be bound by all of the

4  provisions in it.  I recognize that during my participation in this case, I may have

5  occasion to read or hear matters that are designated CONFIDENTIAL or HIGHLY

6  CONFIDENTIAL - ATTORNEYS' EYES ONLY.  I agree not to disclose any such

7  matter to any person not entitled to receive disclosure of same under the provisions

8  of the Protective Order and to use any such matter solely in connection with my

9  participation in this case.  I also agree to return any materials protected by the

10  Protective Order to counsel for the party that supplied me with such materials as

11  soon as my participation in the case is concluded.  I also agree to submit to the

12  authority of this Court for enforcement of the Order.

13

14  Dated: _____ , 2013.     _____

15                                                                          Print Name

16                                                              _____

17                                                                          Print Address

18  LAI-3197283

19

20

21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER